UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| ROBERT DeVAN BOOKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:06-CV-185 TS |
| | ) | |
| SHERIFF HERMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Robert DeVan Booker, a *pro se* plaintiff, filed this case while he was incarcerated. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. PRO. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Colley*, 230 F.3d 1027 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>   In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Though Mr. Booker was a pre-trial detainee when at least some of these events occurred, and though the Eighth Amendment's prescription against cruel and unusual punishments applies only to persons convicted of crimes, and though the rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, "the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments" is the same. *Palmer v. Marion County*, 327 F.3d 588, 593 (7th Cir. 2003). Therefore the legal standard for Eighth Amendment violations will be cited where applicable.

## A. RETALIATION

Mr. Booker alleges that on April 2, 2006, C/O Gray and C/O Lininger retaliated against him for filing a grievance against them by assigning him to cell 2210. When he refused that cell assignment, he was returned to segregation.

Prison officials may not retaliate against an inmate for exercising his First Amendment rights, even if their actions would not independently violate the Constitution. *See Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir.2000). To state a claim for retaliation, the complaint must first allege that the plaintiff was engaged in a Constitutionally protected activity and second, that engaging in that activity was a substantial or motivating factor in the defendant's actions against him. *See Mt. Healthy City School Dist. v. Doyle*, 429 U.S. 274 (1977). That is to say, the plaintiff must allege that the retaliatory act would not have occurred "but for" the protected conduct. "There

2

is, of course, a *de minimis* level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977).

> Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation. Otherwise, the retaliatory act is simply *de minimis* and therefore outside the ambit of constitutional protection. This objective inquiry is not static across contexts, but rather must be tailored to the different circumstances in which retaliation claims arise. Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before a retaliatory action taken against them is considered adverse.

*Dawes v. Walker*, 239 F.3d 489, 493 (2nd Cir. 2001) (citations and quotation marks omitted); *see also Bart v. Telford*, 677 F.2d 622, 625 (7th Cir.1982).

Here, the retaliatory act was assigning him to cell 2210.[1] Though an inconvenient cell assignment and an unpleasant cellmate are *de minimis* impositions which a prisoner is required to tolerate, *see Adams v. Pate*, 445 F.2d 105, 108-109 (7th Cir. 1971), here, Mr. Booker alleges that his refusal was because the conditions of cell 2210 were so unsanitary that they violated the Eighth Amendment. That allegation is sufficient to overcome the requirement that the retaliatory conduct was more than *de minimis*. Therefore, these allegations state a claim.

Next, Mr. Booker alleges that C/O Gray retaliated against him for refusing to be housed in cell 2210 by not trying to get a substitute food tray. Mr. Booker alleges that after his food tray was dropped on the floor, the food was put back into the tray along with dirt and hair. Upon bringing the condition of his food to the attention of C/O Gray, the officer responded that he did not care and did not want to see it. Later when he returned, C/O Gray said that he would call and try to get another tray, but Mr. Booker alleges that he never tried and that he was unable to eat this one meal. As

---

[1] The transfer back to segregation was not an act of retaliation because an inmate does not have the right to refuse a cell assignment. Mr. Booker would have been returned to segregation for refusing a cell assignment even if he had not filed a grievance, therefore his protected conduct was not the "but for" cause of that adverse action.

unappetizing as this was, missing a single meal was *de minimis*. There are many reasons why people, inmates and free citizens alike, will occasionally miss a meal. It is not extraordinarily uncommon and a person of ordinary fortitude would not be dissuaded from exercising his or her Constitutional rights because of it. So, though missing this meal might have been unpleasant, it does not state a claim for retaliation.

### B. VERBAL ABUSE

Mr. Booker alleges that Cpl. Kelly, Lt. Vachon, and Officer J. Kroemer lied when they said that he was wrong to refuse to be housed in cell 2210. He alleges that C/O VanHolden ridiculed him several times, including at least one incident in front of other inmates, which caused them to laugh at him. "Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). Therefore these claims will be dismissed. Additionally, he alleges that Stuttel was wrong to permit the officers to make these comments. Since making these comments did not violate Mr. Booker's Constitutional rights, Stuttel was under no obligation to stop them from being made.

### C. RECLASSIFICATION

Mr. Booker alleges that Stuttel was wrong for not reclassifying him, but he does not expand this claim with any additional details. He does not allege and this court is unaware of any Constitutional obligation that Stuttel could have had to reclassify him. Violations of state law and jail rules do not state a claim for purposes of § 1983. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th

4

Cir. 2001). Therefore, even if Stuttel were wrong in his classification decision, Mr. Booker does not state a claim against him for which relief can be granted in this court. Therefore this claim will be dismissed.

### D. MEDICAL TREATMENT

Mr. Booker alleges that the prison doctor told him that "you do not get good health care in jail and that was a luxury." (Complaint at 9, DE 1.) Mr. Booker also alleges that when he was in segregation, if he had suffered a medical emergency, he would have been seriously injured before anyone could have gotten to him. He does not allege, and based on this complaint it would not be reasonable to infer, that he was actually injured. Fear of an injury that did not occur does not state a claim for damages. *See Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997). "Because he cannot show injury, he cannot make out a claim of deliberate indifference relating to his treatment ." *Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000). "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Therefore, this claim will be dismissed.

Mr. Booker alleges that he must have been given placebos because real medicine can only be given out by a nurse or a QMA. Mr. Booker is incorrect. While it might be a good practice, tradition, or even state law to have medical staff dispense medications, the Constitution does not prohibit guards from distributing them to inmates. Therefore these claims will be dismissed.

Mr. Booker alleges that even though his back hurt, he was required to walk to obtain a band-aid for his fingernail which the medical staff refused to remove. In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the

5

plaintiff's serious medical needs. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. *Gutierrez v. Peters,* 111 F.3d at 1373.

Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.,* the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quotation marks, brackets, and citation omitted).

> Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk. Instead, deliberate indifference requires evidence that an official actually knew of a substantial risk of serious harm and consciously disregarded it nonetheless.

*Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) (citations omitted). It is not enough to show that a defendant merely failed to act reasonably. *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

6

Though Mr. Booker may have wanted a wheelchair and may have wanted his fingernail removed, he was not entitled to demand specific care. Though he disagreed with these medical decisions regarding his treatment, even if they were unreasonable, incompetent, negligent, or medical malpractice, these facts do not support a claim of deliberate indifference when he was required to walk to get a band-aid for his fingernail.

### E. CONDITIONS OF CONFINEMENT

Mr. Booker alleges that a fellow inmate dumped his colostomy bag in the shower drain and on the day room floor. He also alleges that he contaminated the newspaper with feces from his clothing. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth Amendment requires that prison officials ensure that inmates receive adequate food, clothing, and shelter, *Farmer*, 511 U.S. at 832, but conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. *Adams v. Pate*, 445 F.2d 105, 108–09 (7th Cir. 1971). Mr. Booker does not allege, and based on this complaint it would not be reasonable to infer, that the shower and day room went uncleaned indefinitely. Though inmates defile, contaminate, and vandalize their environment, jail officials are not liable unless they refuse to have the space cleaned. Though Mr. Booker found it unpleasant to be housed in the same cell block as an inmate with a colostomy bag, doing so did not deny him the minimal civilized measure of life's necessities. Though he alleges that

7

he got feces on his hands when he touched the newspaper, he does not allege, and based on this complaint it would not be reasonable to infer, that his injury extended beyond the need to wash his hands. This does not state a claim.

### F. GRIEVANCES

Mr. Booker alleges that he filed grievances for which he did not get answers.

> [T]he First Amendment right to petition the government for a redress of grievances protects a person's right to complain to the government that the government has wronged him, but it does not require that a government official respond to the grievance.

*Jones v. Brown*, 300 F. Supp. 2d 674, 679 (N.D. Ind. 2003). Because no response was required, this allegation does not state a claim.

### G. EXCESSIVE FORCE

Mr. Booker alleges that C/O Lininger pushed him while he was standing in the laundry line.

> Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.

*Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992) (citations and quotation marks omitted). Mr. Booker alleges that,

> when it was my turn to put my dirty clothes in the basket he pushed me back with his arm & hand up to my chest and neck and said do not put your clothes in like that you are going to wait like every one else did.

Complaint at 19, DE 1. This use of force, whatever else it may be, was *de minimis* and it does not state a claim.

### H. DISCRIMINATION

Mr. Booker alleges that a black inmate was punished for not bathing even though a white inmate was not. Mr. Booker lacks standing to assert the rights of another inmate. "[S]tanding encompasses the general prohibition on a litigant's raising another person's legal rights." *Elk Grove Unified School District v. Newdow*, 542 U.S. 1, 12 (2004) (quotation mark omitted). Therefore this, claim must be dismissed.

### I. COPIES

Mr. Booker alleges that the Hamilton County Jail would not make copies for him. Hamilton County Jail is not a defendant, but even if it were, "an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "[A] plaintiff must demonstrate that state action hindered his or her efforts to pursue a nonfrivolous legal claim and that consequently the plaintiff suffered some actual concrete injury." *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000). Though he may not have had copies, he does not allege, and, on the basis of this complaint, it would not be reasonable to infer that he has suffered any actual injury in any of his many lawsuits. Therefore this claim will be dismissed.

### J. MUNICIPAL LIABILITY

Mr. Booker names the Allen County Risk Management Department and the Allen County Jail Commissioner in an official capacity as defendants. "[A] suit against a[n] . . . official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

> For liability to attach against a municipality under § 1983, a plaintiff must show that "deliberate action attributable to the municipality directly caused a deprivation of federal rights." *Board of County Comm'rs v. Brown*, 520 U.S. 397, 415 (1997). A plaintiff must show that municipal policymakers made a "deliberate choice" among various alternatives and that the injury was caused by the policy. *Pemaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

*Frake v. City of Chicago*, 210 F.3d 779 (7th Cir. 2000) (parallel citations omitted). Here, Mr. Booker has not identified any deliberate action, choice, or policy of these governmental agencies. Therefore, they will be dismissed.

### K. SUPERVISORS

Mr. Booker alleges that Sheriff Herman and Commander Stevens were informed of the violations of his Constitutional rights but did nothing. By inference, he makes the same claim against the Allen County Jail Commissioner in an individual capacity. He does not allege that any were personally involved, and "the doctrine of *respondeat superior* can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights." *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted). Despite his numerous allegations, this court has found only one claim which might present a valid cause of action. This one isolated event involved two officers who allegedly retaliated against him by attempting to place him in cell 2210 on April 2, 2006. Mr. Booker refused and was not placed in that cell. By the time that they could have learned of this event, it was over. As such, Sheriff Herman, Commander Stevens, and the Allen County Jail Commissioner must be dismissed.

### L. CONCLUSION

For the foregoing reasons, the Court:

(1) GRANTS the plaintiff leave to proceed against C/O Gray and C/O Lininger in their individual capacities for monetary damages for retaliating against him for filing a grievance against them by assigning him to cell 2210 on April 2, 2006;

(2) DISMISSES all other claims;

(3) DISMISSES Sheriff Herman, Commander Stevens, Cpl. Kelly, Lt. Vachon, Officer J. Kroemer, Stuttel, Allen County Risk Management, Allen County Jail Commissioner, and C/O VanHolden;

(4) DIRECTS the clerk to transmit the summons and USM-285's for C/O Gray and C/O Lininger to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(5) DIRECTS the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on C/O Gray and C/O Lininger; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that C/O Gray and C/O Lininger respond, as provided for in the Federal Rules of Civil Procedure and ND. Ind. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on August 22, 2006.

S/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

11