# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT DEVAN BOOKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:06-CV-185 |
| | ) |
| LININGER c/o and GRAY c/o, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the *pro se* Plaintiff's Motion to Grant Untimely Jury Demand, filed August 7, 2008. (Docket # 61.) Although the Defendants, by counsel, indicated at the initial scheduling conference (Docket # 52) that they would be withdrawing their jury demand (Docket # 16), they have not done so and have not responded to the Plaintiff's motion.

This is a case brought under 42 U.S.C. § 1983, and accordingly both the Plaintiff and the Defendants have a right to a jury trial if one is demanded. Fed. R. Civ. P. 38(a). Federal Rule of Civil Procedure 38(b) governs the timing and procedure for making a jury demand, and provides that once a party has filed a timely jury demand, other parties may rely on it "for the issues it covers, and need not file their own demands." *See, e.g.*, *Cal. Scents v. Surco Prods., Inc*. 406 F3d 1102, 1106 (9th Cir. 2005); *Kramer v. Banc of America Securities, LLC.*, 355 F. 3d 961, 967 (7th Cir. 2004) (dicta).

Therefore, the Plaintiff does not need to make a jury demand and is entitled to rely on the demand the Defendants filed with their Answer. *Dell'Orfano v. Romano,* 962 F.2d 199, 202 (2nd Cir. 1992) (holding that a prisoner who brought a civil rights action was entitled to rely on a

defendant's demand for a jury trial to preserve his own right to a trial by jury). Perhaps, however, what inspired the Plaintiff to file the present motion was his concern that the Defendants would, as they suggested at the initial scheduling conference, withdraw their jury demand and thus he would forfeit his right to a jury. The Plaintiff need not be concerned about such a result, however, because once a jury demand has been made, it cannot be withdrawn without the consent of all parties. *See* Fed. R. Civ. P. 39(a); *Middle Tenn. News Co., Inc. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1083 (7th Cir. 2001).

Accordingly, because the Plaintiff can rely on the Defendants' jury demand already of record, and because that demand cannot be withdrawn without his consent, his present motion to file a belated jury demand (Docket # 61) is moot.

Enter: September 18, 2008.

S/Roger B. Cosbey
Roger B. Cosbey
United States Magistrate Judge
